IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN ANDERSON, | No. C 08-3204 MMC (PR) |
| Plaintiff, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND; DENYING MOTIONS FOR PRELIMINARY INJUNCTION** |
| v. | |
| JAMES E. TILTON, SECRETARY (CDCR), BEN CURRY, WARDEN (CTF), DR. KHAJA, PSYCHIATRIST (CTF), et al., | |
| Defendants. | **(Docket Nos. 7 & 8)** |

On July 3, 2008, plaintiff, a California prisoner incarcerated at the Correctional Training Facility at Soledad ("CTF") and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. By separate order filed concurrently herewith, plaintiff has been granted leave to proceed in forma pauperis.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v.

1 Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).  To state a claim under 42 U.S.C.
2 § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the
3 Constitution or laws of the United States was violated, and (2) that the alleged violation was
4 committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42,
5 48 (1988).

6 B.     Plaintiff's Claims

         Plaintiff claims his safety is being threatened by the failure of prison officials at CTF to place him in a single cell.  Specifically, plaintiff alleges he suffers from a mental health disorder for which he is prescribed medication, and that his "reaction to [the] medication causes problems with other inmates with whom he is double celled, which leaves plaintiff defenseless and particularly vulnerable to violent attack while under prescribed medication, because he is incapable of functioning at a level sufficient to protect himself."  (Compl. at 314-19.)  Plaintiff has asked CTF psychiatrist defendant Dr. Khaja either to reduce plaintiff's medication dosage or place plaintiff in a single cell, but Dr. Khaja has refused to do so, informing plaintiff that he will not be considered for single-cell placement unless and until he is involved in an altercation with his cellmate.  Plaintiff thus claims prison officials are unlawfully requiring mentally ill inmates to engage in "gladiator fights" before acting to protect their mental health needs by way of single-cell placement.  Plaintiff claims a violation of his rights under the Eighth Amendment and the Americans with Disabilities Act of 1990, 42 U.S.C.§ 12101 et seq. ("ADA").  He seeks injunctive relief compelling prison officials to place him in a single cell.

         Under the Eighth Amendment, prison officials have a duty to protect prisoners from violence at the hands of other prisoners, and a prisoner need not wait until he is actually assaulted to state a claim and obtain relief.  Farmer v. Brennan, 511 U.S. 825, 833, 845 (1994).  When liberally construed, plaintiff's allegations state a cognizable claim for deliberate indifference to his safety, in violation of the Eighth Amendment.

         Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services,

United States District Court
For the Northern District of California

1 programs, or activities of a public entity, or be subjected to discrimination by any such
2 entity." 42 U.S.C. § 12132.  To state a claim under Title II of the ADA, a plaintiff must
3 allege four elements: (1) that he is an individual with a disability; (2) that he is otherwise
4 qualified to participate in or receive the benefit of some public entity's services, programs, or
5 activities; (3) that he was either excluded from participation in or denied the benefits of the
6 public entity's services, programs or activities, or was otherwise discriminated against by the
7 public entity; and (4) that such exclusion, denial of benefits, or discrimination was by reason
8 of the plaintiff's disability.  Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002).

9        Here, plaintiff's complaint, when liberally construed, states a cognizable claim for
10 relief under Title II of the ADA.  Specifically, plaintiff claims: (1) he is an individual with a
11 disability, i.e. he is mentally ill; (2) he is otherwise qualified to be housed in a single cell;
12 (3) he has been discriminated against by prison officials who have refused to place him in a
13 single cell unless he is involved in a "gladiator fight" with another prisoner; and (4) such
14 discrimination is by reason of his disability.

15        Plaintiff also generally claims that the conditions of his confinement at CTF are
16 constitutionally inadequate as the facility is overcrowded, lighting, ventilation and heating
17 are inadequate, and there are insufficient shower heads to meet health requirements.  Such
18 conclusory allegations, however, are insufficient to state a claim for relief.  Although, under
19 Federal Rule of Civil Procedure 8(a)(2), a plaintiff is required to plead only a short and plain
20 statement of a claim showing he is entitled to relief, "a plaintiff's obligation to provide the
21 grounds of his entitlement to relief requires more than labels and conclusions, and a
22 formulaic recitation of the elements of a cause of action will not do. . . ."  Bell Atlantic Corp.
23 v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (quotation and citations omitted).  Rather,
24 "[f]actual allegations must be enough to raise a right to relief above the speculative level."

25        In order to state a claim for violation of the Eighth Amendment, plaintiff must allege
26 facts showing that (1) the deprivation alleged is, objectively, sufficiently serious, and
27 (2) prison officials, subjectively, have acted with deliberate indifference.  See Farmer, 511
28 U.S. at 834.  Here, plaintiff's allegations fail to provide sufficient facts for the Court to

3

determine whether either noted element can be established. In particular, plaintiff has not alleged the precise nature of the deprivations and injury he has suffered as a result thereof, nor has he identified the prison officials who know of and are directly responsible for such deprivations. Additionally, plaintiff does not allege he has exhausted his administrative remedies with respect to his claims. See 42 U.S.C. § 1997e(a) (providing "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"). Accordingly, plaintiff's claims pertaining to the general conditions of his confinement will be dismissed. If plaintiff can in good faith allege facts that satisfy the pleading requirements for claimed violations of the Eighth Amendment, and he has exhausted his administrative remedies with respect to such claims, he may file an amended complaint to so allege.

The Court will not order plaintiff's cognizable claims served until plaintiff either has filed an amended complaint or has informed the Court that he does not intend to do so.

C.  Preliminary Injunction

Plaintiff has filed two motions for preliminary injunctive relief, asking the Court to compel prison officials to place him in a single cell without first requiring him to engage in "gladiator fights." Plaintiff, however, has neither complied with the notice requirement for issuance of a preliminary injunction or temporary restraining order, nor has he certified the reasons for his failure to provide such notice. See Fed. R. Civ. P. 65(a)(1), (b)(1). Accordingly, the motions will be denied.

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. Plaintiff's request for placement in a single cell states cognizable claims against the named defendants for relief under the Eighth Amendment and the ADA. Such claims will not be ordered served, however, until plaintiff either has filed an amended complaint, as set forth below, or has informed the Court that he does not intend to do so.

2. As to plaintiff's remaining claims, the complaint is hereby DISMISSED with leave

4

to amend. Within **thirty (30) days** of the date this order is filed, plaintiff may file an AMENDED COMPLAINT, **using the court's form civil rights complaint**, in order to cure the deficiencies noted above. Plaintiff shall complete the form, a copy of which is provided herewith, and include in the caption both the case number of this action, No. C 08-3204 MMC (PR), and the heading "AMENDED COMPLAINT."

An amended complaint supersedes the initial complaint and may not incorporate by reference any parts of the original complaint. London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.1992). These rules govern actions filed by pro se litigants as well as litigants represented by counsel. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

**If plaintiff fails to timely file an amended complaint in conformity with this order, the general conditions of confinement claims will be dismissed.**

3. Plaintiff's motions for preliminary injunctive relief are hereby DENIED.

4. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute.

This order terminates Docket Nos. 7 and 8.

IT IS SO ORDERED.

DATED: January 26, 2009

_____
MAXINE M. CHESNEY
United States District Judge