IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN ANDERSON, ) | No. C 08-3204 MMC (PR) |
| ) | |
| Plaintiff, ) | **ORDER OF SERVICE; DIRECTING** |
| ) | **DEFENDANTS TO RESPOND TO** |
| v. ) | **PLAINTIFF'S MOTION FOR** |
| ) | **PRELIMINARY INJUNCTION;** |
| JAMES E. TILTON, SECRETARY ) | **SCHEDULING FILING OF** |
| (CDCR), BEN CURRY, WARDEN ) | **DISPOSITIVE MOTION** |
| (CTF), DR. KHAJA, PSYCHIATRIST) | |
| (CTF), et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

On July 3, 2008, plaintiff, a California prisoner incarcerated at the Correctional Training Facility at Soledad ("CTF") and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. In his complaint, plaintiff, who suffers from a mental health disorder, alleges prison officials are refusing to house him in a single cell, thereby subjecting him to the threat of attack by other prisoners, in violation of the Eighth Amendment and the Americans with Disabilities Act ("ADA"). Additionally, plaintiff generally maintains that the conditions of his confinement at CTF are constitutionally inadequate, in violation of the Eighth Amendment. He seeks injunctive relief.

Upon reviewing the allegations in the complaint, the Court found plaintiff stated cognizable claims under the Eighth Amendment and the ADA with respect to his single-cell placement. With respect to plaintiff's allegations concerning the more general conditions of

his confinement, however, the Court determined such allegations were conclusory and therefore failed to state a cognizable claim for relief under the Eighth Amendment. Consequently, the Court dismissed that claim, allowing plaintiff leave to file an amended complaint if he could in good faith allege facts that cure the noted pleading deficiencies and also showed that he had exhausted his administrative remedies with respect to such claim.

On June 1, 2009, plaintiff filed a memorandum with the Court stating that he has not exhausted his administrative remedies with respect to the conditions-of-confinement claim and that he wishes to proceed only with his single-cell placement claims. Accordingly, the Court will order served the Eighth Amendment and ADA claims previously found cognizable.

Additionally, plaintiff has filed a motion for a preliminary injunction requiring prison officials to move him to a single cell pending the resolution of the instant action. Defendants shall file a response to plaintiff's motion as set forth below.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, <u>a copy of the complaint in this matter (Docket No.1), all attachments thereto, a copy of plaintiff's motion for preliminary injunction (Docket No. 14), and a copy of this order</u> upon the following defendants: James E. Tilton, Secretary, California Department of Corrections and Rehabilitation in Sacramento; Ben Curry, Warden, at CTF-Soledad; Dr. Khaja, Psychiatrist, at CTF-Soledad. The Clerk shall also <u>mail courtesy copies</u> of the complaint, plaintiff's motion for preliminary injunction and this order to the California Attorney General's Office.

2. Within **thirty (30)** days of the date this order is filed, defendants shall file a response to plaintiff's motion for a preliminary injunction. Plaintiff shall file a reply to the response within **thirty (30)** days of the date the response is filed. The motion will be deemed submitted on the papers on the date plaintiff's reply is due.

3. Within **ninety (90)** days of the date this order is filed, defendants shall file a

motion for summary judgment or other dispositive motion with respect to the claim found to be cognizable above.

      a. If defendants elect to file a motion to dismiss on the grounds plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003), cert. denied Alameida v. Terhune, 540 U.S. 810 (2003).

      b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants shall so inform the Court prior to the date the summary judgment motion is due.**

4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than **thirty (30)** days from the date defendants' motion is filed.

      a. In the event defendants file an unenumerated motion to dismiss under Rule 12(b), plaintiff is hereby cautioned as follows:[1]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

      b. In the event defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

3

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial.  See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

    5.  Defendants shall file a reply brief no later than **fifteen (15)** days after plaintiff's opposition is filed.

    6.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

    7.  All communications by the plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

    8.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

IT IS SO ORDERED.

DATED: July 28, 2009

_____
MAXINE M. CHESNEY
United States District Judge