United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN ANDERSON,<br><br>    Plaintiff,<br><br>  v.<br><br>JAMES E. TILTON, SECRETARY (CDCR), BEN CURRY, WARDEN (CTF), DR. KHAJA, PSYCHIATRIST (CTF), et al.,<br><br>    Defendants.<br>_____ | No. C 08-3204 MMC (PR)<br><br>**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION; GRANTING LEAVE TO FILE AMENDED COMPLAINT; DENYING MOTION TO DISMISS WITHOUT PREJUDICE; DIRECTIONS TO CLERK**<br><br>**(Docket Nos. 14, 18, 24, 34)** |

On July 3, 2008, plaintiff, a California prisoner incarcerated at the Correctional Training Facility at Soledad ("CTF") and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. In his complaint, plaintiff, who suffers from a mental health disorder, alleges prison officials are refusing to house him in a single cell, thereby subjecting him to the threat of attack by other prisoners, in violation of the Eighth Amendment and the Americans with Disabilities Act ("ADA"). Now pending before the Court is plaintiff's motion for a preliminary injunction. Also before the Court is plaintiff's motion for leave to file an amended complaint and defendants' motion to dismiss.

//

//

**DISCUSSION**

In his complaint, plaintiff claims his safety is being threatened by the failure of prison officials at CTF to place him in a single cell. Specifically, plaintiff alleges he suffers from a mental health disorder for which he is prescribed medication, and that his "reaction to [the] medication causes problems with other inmates with whom he is double celled, which leaves plaintiff defenseless and particularly vulnerable to violent attack while under prescribed medication, because he is incapable of functioning at a level sufficient to protect himself." (Compl. at 3:14-19.) Plaintiff further alleges that he has asked CTF psychiatrist defendant Dr. Khaja either to reduce plaintiff's medication dosage or place plaintiff in a single cell, but Dr. Khaja has refused to do so, informing plaintiff that he will not be considered for single-cell placement unless and until he is involved in an altercation with his cellmate. Plaintiff thus claims prison officials are unlawfully requiring mentally ill inmates to engage in "gladiator fights" before acting to protect their mental health needs by way of single-cell placement. Plaintiff claims a violation of his rights under the Eighth Amendment and the Americans with Disabilities Act of 1990, 42 U.S.C.§ 12101 et seq. ("ADA").

A.   Motion for Preliminary Injunction

By way of his motion for a preliminary injunction, plaintiff seeks to have the Court order prison officials to move him to a single cell pending the resolution of the instant action and to abolish the prison's current single-cell status policy. Defendants have filed opposition to the motion and plaintiff has filed a reply.

1.   Armstrong Class Action

As an initial matter, defendants argue plaintiff's motion is barred by a pending class action, Armstrong v. Davis, et al., No. C 94-2307 CW (N.D. Cal.). The Armstrong class-action lawsuit was brought by California state prison inmates who alleged that the California Department of Corrections and Rehabilitation ("CDCR") and the Board of Parole Hearings were violating Title II of the ADA and Section 504 of the Rehabilitation Act. The Armstrong class consists of present and future state prisoners and parolees with mobility, sight, hearing, learning, mental or kidney disabilities. A consent decree was entered by the

2

1 court in Armstrong, directing the defendants therein to provide certain accommodations to
2 the class.  Defendants argue the consent decree applies to plaintiff because he is mentally
3 impaired.

4       To the extent plaintiff may be a member of a class seeking to enforce the provisions of
5 a settlement or consent decree, he must do so through the class representative, class counsel,
6 or special master in the class action, and not in his own, separate case.  Cf. McNeil v.
7 Guthrie, 945 F.2d 1163, 1165 (10th Cir. 1991) (holding individual suits for injunctive and
8 equitable relief cannot be brought where class action pending); Gillespie v. Crawford, 858
9 F.2d 1101, 1103 (5th Cir. 1988) (en banc) ("Individual members of the class and other
10 prisoners may assert any equitable or declaratory claims they have, but they must do so by
11 urging further actions through the class representative and attorney, including contempt
12 proceedings, or by intervention in the class action.").  Here, however, defendants have failed
13 to show plaintiff's request for preliminary injunctive relief falls within the parameters of the
14 Armstrong class action; in particular, they have neither cited to the applicable sections of the
15 consent decree nor provided a copy of the decree for the Court's reference.  Consequently,
16 defendants' argument on this ground is insufficient to show that plaintiff is not entitled to
17 preliminary injunctive relief.

18     2.    Preliminary Injunction Standard

19       "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed
20 on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief,
21 that the balance of equities tips in his favor, and that an injunction is in the public interest."
22 Winter v. Natural Resources Defense Council, Inc., 129  S. Ct. 365, 374 (2008).  Where the
23 court concludes the movant has failed to show a likelihood of success on the merits, the
24 court, in its discretion, need not consider whether the movant would suffer irreparable injury.
25 Guzman v. Shewry, 552F.3d 941, 948 (9th Cir. 2009).

26       Although plaintiff's allegations state cognizable claims for relief, the Court finds that
27 at this stage of the proceedings plaintiff has not shown he is likely to succeed on the merits of
28 proving his claim that defendants either are acting with deliberate indifference to his safety or

3

1 violating his rights under the ADA by failing to place him in a single cell.  In particular,
2 while plaintiff bases his requests for both preliminary and permanent injunctive relief on his
3 fear of being attacked by any cellmate with whom he would be housed, plaintiff makes no
4 allegation in his complaint or elsewhere that he has been so attacked at any time either
5 proximate to the filing of the instant action or thereafter.  Further, the only documented
6 occurrences of in-cell violence involving plaintiff are two incidents of mutual combat that
7 took place in 2000, more than nine years ago.  (See Reply Opp. Mot. Prelim. Inj. Ex. 3A
8 ("First Level Response – Supplemental Page").  Additionally, and for the same reasons,
9 plaintiff has not shown he is likely to suffer irreparable harm in the absence of preliminary
10 relief.  Accordingly, the motion for a preliminary injunction will be denied.

11 B.     Motion to File Amended Complaint

12    Plaintiff filed his original complaint in this matter on July 3, 2008, naming as
13 defendants James Tilton, who at that time was the director of the CDCR, Ben Curry, who
14 was then the warden at CTF, and Dr. Khaja, a psychiatrist at CTF.  On August 13, 2009,
15 plaintiff filed a motion for leave to amend his complaint to (1) replace defendant Tilton with
16 current CDCR director Matthew Cate, (2) replace warden Curry with current CTF warden
17 Colleen Noll, and (3) to add as a defendant William Zika, the Chief Medical Officer at CTF.

18    Subsequent to the filing of plaintiff's motion, defendants Tilton, Curry and Khaja filed
19 a motion to dismiss the complaint for failure to exhaust administrative remedies, as a non-
20 enumerated motion under Rule 12(b), and for failure to state a claim upon which relief may
21 be granted, pursuant to Rule 12(b)(6).

22    A plaintiff may amend his complaint once as a matter of course at any time before a
23 responsive pleading is served.  See Fed. R. Civ. P. 15(a).  Motions under Rule 12 are not
24 "responsive pleadings"; consequently, filing such a motion does not bar the plaintiff from
25 thereafter amending the complaint once as a matter of right.  See William W. Schwarzer, et
26 al., Federal Civil Procedure Before Trial § 8:376 (2007) (citing Crum v. Circus Circus
27 Enterprises, 231 F.3d 1129, 1130 n.3 (9th Cir. 2000)).  Thus, plaintiff may amend his
28 complaint as a matter of course under Rule 15(a), despite defendants Tilton, Curry and

4

Khaja's filing of a motion to dismiss. Accordingly, plaintiff's motion to amend will be granted.

Newly-named defendants Cate and Noll are public officers who are being sued in their official capacities and are substituted as defendants for their predecessors. See Fed. R. Civ. P. 25(d). Consequently, there is no need for the United States Marshal to serve Cate and Noll with the amended complaint, which plaintiff has served on defendants' counsel. William Zika, however, is a newly-named defendant whom the Court will order the Marshal to serve with the summons and complaint as set forth below.

C. Motion to Dismiss

As noted, defendants have filed a motion to dismiss, both as a non-enumerated motion under Rule 12(b) and as an enumerated motion under Rule 12(b)(6). Plaintiff has opposed the motion to dismiss and defendants have filed a reply. As plaintiff's amended complaint supercedes the original complaint, however, the motion to dismiss filed in response to the original complaint will be denied without prejudice to defendants' filing a motion to dismiss, a motion for summary judgment, and/or other disposition motion in response to the amended complaint, as set forth below. In light of the Court's ruling, plaintiff's request for an extension of time to file further opposition to the motion dismiss will be denied as moot.

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. Plaintiff's motion for a preliminary injunction is hereby DENIED. (Docket No. 14.)

2. Plaintiff's motion to amend the complaint is hereby GRANTED. (Docket No. 18.) The Clerk shall file and docket as a separate docket entry the proposed amended complaint attached to plaintiff's motion to amend (Docket No. 18).

3. Defendants' motion to dismiss the complaint is hereby DENIED without prejudice. (Docket No. 24.)

4. Plaintiff's request for an extension of time to file opposition to the motion to dismiss is hereby DENIED as moot. (Docket No. 34.)

5

5. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, <u>a copy of the amended complaint and a copy of this order upon **William Zika**</u>, Chief Medical Health Officer at CTF.

6. Within **ninety (90)** days of the date this order is filed, defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims asserted against them in the amended complaint. <u>If defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, defendants shall so inform the Court prior to the date the motion for summary judgment or other dispositive motion is due.</u>

7. The Court hereby extends the time to file an answer or waiver of answer, <u>see</u> 42 U.S.C. § 1997e(g)(1), to a date to be set after the Court has ruled on the above-referenced motion or received notice that such a motion cannot be filed.

8. If defendants elect to file a motion to dismiss on the grounds plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119-20 (9th Cir. 2003), <u>cert. denied Alameida v. Terhune</u>, 540 U.S. 810 (2003).

9. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.

10. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than **thirty (30)** days from the date defendants' motion is filed.

    a. In the event defendants file an unenumerated motion to dismiss under Rule 12(b), plaintiff is hereby cautioned as follows:[1]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). <u>See Wyatt v. Terhune</u>, 315 F.3d at 1120 n.14.

> for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

b. In the event defendant files a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

11. Defendants shall file a reply brief no later than **fifteen (15)** days after plaintiff's opposition is filed.

12. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7

13. All communications by the plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

14. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

15. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

16. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

This order terminates Docket Nos. 14, 18, 24 and 34.

IT IS SO ORDERED.

DATED: March 31, 2010

MAXINE M. CHESNEY
United States District Judge