IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN ANDERSON,<br><br>    Plaintiff,<br><br>  v.<br><br>JAMES E. TILTON, SECRETARY (CDCR), BEN CURRY, WARDEN (CTF), DR. KHAJA, PSYCHIATRIST (CTF), et al.,<br><br>    Defendants.<br>_____ | No. C 08-3204 MMC (PR)<br><br>**ORDER GRANTING MOTION TO DISMISS; DENYING MOTION FOR PRELIMINARY INJUNCTION; DENYING MOTION TO COMPEL DISCOVERY**<br><br>**(Docket Nos. 42, 43, 49, 60)** |

On July 3, 2008, plaintiff, a California prisoner incarcerated at the Correctional Training Facility at Soledad ("CTF") and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983.

Now pending before the Court is defendants' motion to dismiss the amended complaint ("AC") for failure to exhaust administrative remedies, or, alternatively, for failure to state a claim upon which relief may be granted. Plaintiff has opposed the motion and defendants have filed a reply.

Also before the Court is plaintiff's motion to compel discovery, and plaintiff's motion for a preliminary injunction, which motion defendants have opposed.

**BACKGROUND**

Plaintiff claims his safety is being threatened by the failure of prison officials at CTF

to place him in a single cell. Specifically, plaintiff alleges he suffers from a mental health disorder for which he is prescribed medication, and that his "reaction to [the] medication causes problems with other inmates with whom he is double celled, which leaves plaintiff defenseless and particularly vulnerable to violent attack while under prescribed medication, because he is incapable of functioning at a level sufficient to protect himself." (AC at 3:14-19.) Plaintiff further alleges that he has asked prison psychiatrists either to reduce his medication dosage or place him in a single cell, but they have refused to do so, informing plaintiff that he will not be considered for single-cell placement unless and until he is involved in an altercation with his cellmate. (AC at 3A:3-12.)

Based on the above allegations, plaintiff brings claims for deliberate indifference to his safety, in violation of the Eighth Amendment, and for violation of the Americans with Disabilities Act of 1990, 42 U.S.C.§ 12101 et seq. ("ADA"). Plaintiff seeks injunctive relief.

## DISCUSSION

A. Motion to Dismiss for Failure to Exhaust Administrative Remedies

Defendants move to dismiss plaintiff's claims on the ground plaintiff has failed to exhaust his administrative remedies, as is required under 42 U.S.C. § 1997(e).

1. Legal Standard

Non-exhaustion under § 1997e(a) is an affirmative defense; defendants have the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). A nonexhaustion defense should be raised in an unenumerated Rule 12(b) motion. Id. In deciding such a motion, the district court may look beyond the pleadings and decide disputed issues of fact. Id. at 1119-20. If the court concludes the prisoner has not exhausted nonjudicial remedies, the proper course of action is dismissal of the complaint without prejudice. Id. at 1120.

2. The Exhaustion Requirement

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA") provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison,

or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and enforcement of such requirement is not left to the discretion of the district court. Woodford v. Ngo, 548 U.S. 81, 84 (2006). "Exhaustion gives an agency an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court, and it discourages disregard of [the agency's] procedures." Id. at 89 (internal quotation and citation omitted).

Section 1997e(a) requires a prisoner-plaintiff to present his claims to each level of administrative review before raising those claims in a 42 U.S.C. § 1983 action in federal court. See id. at 88. The exhaustion requirement cannot be satisfied by the filing of an untimely or otherwise procedurally defective administrative grievance or appeal. Id. at 84. Rather, "proper exhaustion" of available administrative remedies is required. Id. at 92. The requirements of the prison's grievance process, not the PLRA, define the boundaries of proper exhaustion. Jones v. Bock, 549 U.S. 199, 218 (2007).

The State of California provides its prisoners and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, ("CCR"), § 3084.1(a).[1] In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal review, (2) first formal level appeal, submitted on a CDC 602 inmate appeal form, (3) second formal level appeal to the institution head or designee, and (4) third formal level appeal to the Director of the California Department of Corrections and Rehabilitation ("CDCR"). See CCR § 3084.5; Brodheim v. Cry, 584 F.3d 1262, 1264-65 (9th Cir. 2009). A final decision from the Director's level of review satisfies the exhaustion requirement under § 1997e(a). Id. at 1265; Barry v. Ratelle, 985 F. Supp. 1235, 1237-38 (S.D. Cal. 1997).

An action must be dismissed unless the prisoner has exhausted his available administrative remedies prior to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199 (9th

---

[1] Unless otherwise noted, all further references to code sections are to title 15 of the California Code of Regulations.

3

Cir. 2002).

### 3. Exhaustion of Plaintiff's Claims

Defendants argue plaintiff did not properly exhaust his administrative remedies because he did not receive, before filing the instant action, a decision on the merits from the Director's level of review with respect to the claims plaintiff raises herein.

In support of their argument, defendants submit a declaration by D. Foston ("Foston"), Chief of the Inmate Appeals Branch ("IAB") at the CDCR. According to Foston, the IAB screens all incoming inmate appeals before the appeals receive a Director's level decision. (Decl. D. Foston Supp. Mot. to Dismiss ("Foston Decl.") ¶ 5.) Specifically, the IAB determines whether an appeal complies with agency regulations, and may return an appeal to an inmate if it finds the appeal was not timely filed, fully exhausted or complete. (Id. ¶ 5.) The IAB keeps an electronic record of each inmate administrative appeal that has proceeded through the Director's level of review, including a record of each administrative appeal that was received by the IAB but was rejected or screened out. (Id. ¶¶ 4, 5.)

Appeals that are screened out can be categorized either as a rejection or a cancellation. (Foston Decl. ¶ 6.) A rejected appeal is one that has been returned to the inmate with instructions to correct a deficiency prior to further consideration. (Id.) Because the inmate has the ability to resubmit the appeal, the rejection "screen out" letter is not appealable. (Id.) A cancelled appeal, by contrast, informs the inmate that his appeal has been cancelled and may not be resubmitted; a separate appeal, however, can be filed on the cancellation decision. (Id.)

Attached to the Foston declaration is a copy of the IAB computer printout report showing each appeal that was submitted by plaintiff to the Director's level of review, and whether the appeal was received, accepted, or screened out at the Director's level. (Foston Decl. Ex. A.) The report lists Director's level appeal No. CTF-08-00308, in which appeal plaintiff raised the claims that are the subject of the instant action, and shows such appeal was screened out because of incomplete documentation. (Id.)

Based on the above, defendants argue plaintiff failed to properly exhaust his

4

administrative remedies. In response, plaintiff concedes that appeal No. CTF-08-00308 is the administrative appeal in which plaintiff raised the claims herein, and also that such appeal was screened out at the Director's level of review. He argues, however, that the instant claims should not be dismissed as unexhausted, because defendants obstructed his efforts to file a procedurally proper Director's level appeal, thereby rendering further administrative remedies unavailable.

### 4. Available Administrative Remedies

The PLRA requires that an inmate exhaust only those administrative remedies "as are available." 42 U.S.C. § 1997e(a). The Ninth Circuit has concluded that the PLRA does not require exhaustion when circumstances render administrative remedies "effectively unavailable." Sapp v. Kimbrell, 623 F.3d 813, 822 (9th Cir. 2010) (citing Nunez v. Duncan, 591 F.3d 1217, 1226 (9th Cir.2010)). In Sapp, the Ninth Circuit held that "improper screening of an inmate's administrative grievances renders administrative remedies 'effectively unavailable' such that exhaustion is not required under the PLRA." Id. at 823. As the Ninth Circuit noted, if prison officials screen out an inmate's appeals for improper reasons, the inmate cannot pursue the necessary sequence of appeals, and, as a result, his administrative remedies become unavailable. Id.

To fall within the noted exception to exhaustion, a prisoner must show he attempted to exhaust his administrative remedies but was thwarted by improper screening. Id. Specifically, the inmate must establish (1) that he actually filed a grievance or grievances that, if pursued through all levels of administrative appeals, would have sufficed to exhaust the claim he seeks to pursue in federal court, and (2) that prison officials screened his grievance or grievances for reasons inconsistent with or unsupported by applicable regulations. Id. at 823-24.

The Court next considers whether plaintiff's failure to exhaust his administrative remedies falls within the exception set forth in Sapp.

5

### a. Federal Claims

A grievance suffices to exhaust a claim if it puts the prison on adequate notice of the problem for which the prisoner seeks redress. Id. at 824. "To provide adequate notice, the prisoner need only provide the level of detail required by the prison's regulations." Id. The California regulations require only that an inmate "'describe the problem and the action requested.'" Id. (quoting CCR § 3084.2(a)). Thus, a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought. Id.

As set forth above, plaintiff alleges he suffers from a mental health disorder for which he is prescribed medication, and that his reaction to the medication causes him to have problems with his cellmates, which leaves plaintiff vulnerable to attack, and, further, that prison psychiatrists have refused either to reduce his medication dosage or place him in a single cell, informing him that he will not be considered for single-cell placement unless and until he is involved in an altercation with his cellmate.

The Court finds plaintiff's administrative grievances bearing appeal No. CTF-08-00308 alerted prison officials to the nature of plaintiff's complaint regarding his request for single-cell placement. As discussed below, plaintiff explained in his grievances the reasons why he feared for his safety and sought single-cell placement, and also that he had been told he would not be considered for single-cell placement absent an altercation. Based on such assertions, and barring a procedural deficiency, plaintiff's grievances would suffice to exhaust his federal claims both for deliberate indifference to his safety and for failure to accommodate his mental health needs in violation of the ADA.

### b. Proper Screening

In California, an appeals coordinator at the prison screens each appeal before forwarding it for review on the merits. Sapp, 623 F.3d at 818 (citing CCR § 3084.3(a)). The appeals coordinator may reject, or screen, an appeal for various reasons, including failure to comply with the fifteen-day time limit, incompleteness or omission of necessary supporting documents, or failure to attempt to resolve the grievance informally. Id. (citing CCR §§ 3084.3, 3084.6(c)). When the appeals coordinator rejects an appeal, he must complete a form

6

that explains why the appeal is unacceptable and instruct the inmate as to what the inmate must do to qualify the appeal for processing. Id. (citing CCR § 3084.3(d)). Once the appeals coordinator allows an appeal to go forward, the inmate must pursue it through three levels of formal review. Id. (citing CCR § 3084.5).

The Court next considers whether the IAB screened out plaintiff's grievance at the Director's level of review for reasons inconsistent with or unsupported by applicable regulations. Sapp, 623 F.3d at 823-24.

### i.   Plaintiff's Appeals

On January 2, 2008, plaintiff submitted an administrative appeal at the informal level of review. (Pl.'s Statement of Exhaustion of Admin. Remedies ("Docket No. 13") Ex. 1A. ¶ A.) Plaintiff complained that, at a hearing held by the Interdisciplinary Treatment Team of the Mental Health Classification Committee ("IDTT") on December 27, 2007, plaintiff's request for single-cell status based on mental health and safety concerns was denied. (Id.) In the appeal, plaintiff objected to the IDTT's decision, explaining: (1) he was at risk of being seriously harmed or injured by his cellmate because of the side-effects caused by plaintiff's psychiatric medications; (2) he had a history of prior fights with cellmates because of his sleep disorder; and (3) Dr. Khaja, the prison psychiatrist, told plaintiff he would not be considered for single-cell placement unless and until he was involved in an altercation with his cellmate. (Id. ¶ A & Supplemental Attachment.) Plaintiff asked that his central file be reviewed for documented in-cell aggression and that he be given single-cell status. (Id. ¶ B.)

Plaintiff's appeal was rejected at the informal level of review, after which the first formal level of review was bypassed and the appeals coordinator forwarded plaintiff's first level appeal directly to the second level of review. (Docket No. 13 Ex. 1A ¶¶ C, D, E.)[2]

At the second level, the reviewer denied plaintiff's appeal, stating as follows:

A thorough review of your appeal package and all of your attachments has

---

[2]The appeals coordinator may bypass the first formal level for appeal of: (1) a policy or procedure implemented by the institution head; (2) a policy, procedure or regulation implemented by the department; (3) an issue that cannot be resolved at the division head's level; or (4) serious disciplinary infractions. CCR § 3084.5(b).

7

been completed and reveals the following:

(1) That on 12-13-07, you appeared before Unit III Unit Classification Committee (UCC) for your Initial Review. You were approved for double cell placement by Committee.

(2) A review of your Central File reveals that on 1-25-00 and 3-16-99 you were charged and found guilty of Mutual Combat while in a cell.

(3) You have not demonstrated predatory behavior that depicts aggressive, repeated attempts to physically or sexually abuse another inmate. Acts of mutual combat in itself does not warrant single cell status.

(4) You have been disciplinary free since starting your current term on 5-17-04. Additionally, you were seen by the Interdisciplinary Treatment Team (IDTT) on 12-27-07 with no recommendation for single cell.

Therefore, based on the aforementioned, your appeal is being PARTIALLY GRANTED at the Second Level of Review in that your Central File was reviewed.

(Docket No. 13 Ex. 4A at 1-2.)

Plaintiff next submitted an appeal form with a request for Director's level review. (Docket No. 13 Ex. 1A ¶ H.) On April 9, 2008, the IAB, acting for the Director at the third level of review, returned plaintiff's appeal to him, explaining the appeal was being screened out pursuant to CCR § 3084.3 for missing documentation. (Docket No. 13 Ex. 5A. at 1.) Specifically, plaintiff was told that in order to have his appeal considered at the Director's level, he needed to "include the following documentation: CDC Form 128-G, Classification Chrono(s), Unit Classification Committee (12/13/2007.)." (Id.)

Plaintiff did not resubmit his appeal to the Director's level of review before filing the instant action.

                ii.     <u>Analysis</u>

Based on the above evidence, plaintiff contends the IAB improperly screened out his appeal for failure to provide the above-referenced December 13, 2007 classification chrono approving plaintiff's placement in a double cell. Specifically, plaintiff maintains the screening decision was improper because defendants "obstructed [plaintiff's]] efforts to have his appeal heard by with-holding [sic]" the chrono from him. (Opp'n at 6:20-21, 8:8-10.) In support of his assertion that he was unable to obtain the chrono, plaintiff does not identify or

8

provide evidence of specific attempts he made to do so; rather, the only evidence submitted by plaintiff in support of his assertion is a screening memo sent to plaintiff at the first level of review. According to said memo, plaintiff's first level appeal was being screened out because plaintiff failed to attach the 128-G classification chrono approving plaintiff's placement in a double cell (Docket No. 13 Ex. 5A. at 2); in response, plaintiff wrote the first level reviewer, stating he had requested but never received a copy of the noted chrono, and asking that his appeal proceed to a review on the merits. (Id.)

The Court finds plaintiff has failed to present evidence showing his appeal was improperly screened out at the Director's level of review. As the Ninth Circuit held in Sapp, an appeal is properly screened out if "'necessary supporting documents are not attached.'" Sapp, 623 F.3d at 826 (quoting CCR § 3084.3(c)(5)). Here, there is no dispute that plaintiff failed to attach to his Director's level appeal a copy of the 128-G classification chrono from the December 13, 2007 classification hearing at which it was determined plaintiff could be double-celled, and plaintiff does not contend the IAB improperly requested an opportunity to review such chrono in connection with plaintiff's appeal.

Moreover, plaintiff has presented no evidence showing he attempted either to comply with the IAB's request, i.e., by returning his appeal with the chrono attached, or to contest the screening decision, i.e., by informing the IAB he was unable to obtain a copy of the chrono. Plaintiff's evidence that he previously had informed the first level reviewer that he was unable to obtain the chrono does not suffice to show the IAB was aware of plaintiff's asserted difficulty in obtaining the chrono. Indeed, plaintiff's evidence suggests that had he informed the IAB of such inability, the IAB may well have proceeded to review the appeal on the merits. In particular, even though plaintiff's first level appeal was screened out for failure to provide the chrono, the appeal was forwarded to the second level of review and reviewed on the merits after plaintiff explained he could not obtain a copy. (See Docket No. 13 Ex. 4A.)

If plaintiff had taken steps to inform the IAB that he was unable to obtain the chrono, but the IAB again refused to review his appeal, such evidence might suggest that plaintiff's

9

1 failure to exhaust should be excused. As the Ninth Circuit explained in Sapp, a proper
2 screening decision does "not foreclose the possibility that exhaustion might also be excused
3 where repeated rejections of an inmate's grievances at the screening stage give rise to a
4 reasonable good faith belief that administrative remedies are effectively unavailable." Sapp,
5 623 F.3d at 826. Such excuse is not available to plaintiff here, however, as plaintiff's appeal
6 was screened out only once at the Director's level of review. Further, the screening decision
7 informed plaintiff as to what he needed to do to remedy the situation, and there is no
8 evidence indicating plaintiff attempted either to comply with or to contest that decision.
9 Consequently, as plaintiff has not presented evidence that he ever responded to the Director's
10 level screening decision, thereby affording the IAB an opportunity to reconsider its rejection
11 of plaintiff's appeal, the Court concludes plaintiff could not have had a reasonable good faith
12 belief that further administrative remedies were effectively unavailable.

13 Lastly, as in Sapp, nothing in the record suggests that the CDCR has "created
14 draconian procedural requirements that would 'trip[ ] up all but the most skillful prisoners'"
15 and render administrative remedies effectively unavailable, so as to excuse a failure to
16 exhaust. See Sapp, 623 F.3d at 827 (citing Woodford v. Ngo, 548 U.S. 81, 102 (2006)).
17 Significantly, defendants have submitted evidence demonstrating plaintiff has prosecuted
18 appeals through the Director's level of review, both before and after pursuing the appeal at
19 issue herein. (See Foston Decl. Ex. A)

20 In sum, the Court concludes that although plaintiff's appeal was screened out at the
21 Director's level of review, administrative remedies remained available to plaintiff because
22 the screening decision was proper, such decision would not lead plaintiff to hold a
23 reasonable, good-faith belief that further administrative remedies were effectively
24 unavailable, and the CDCR grievance procedure was not so complex as to render further
25 administrative remedies effectively unavailable. See Sapp, 623 F.3d at 827. Accordingly,
26 the Court finds plaintiff's failure to properly exhaust administrative remedies is not excused
27 because of improper screening.
28

### 5. Equitable Exception to Exhaustion

The Court next considers whether plaintiff is entitled to an equitable exception to the exhaustion requirement. See id. In particular, plaintiff asserts he should not be precluded from proceeding with his unexhausted claims because he did not deliberately bypass the administrative grievance process and had a good-faith belief that further review was unavailable to him. (Opp'n, 6:17-19.)

In Sapp, the Ninth Circuit found no equitable exception to exhaustion based on similar assertions by the plaintiff therein. Specifically, the Ninth Circuit found no equitable exception was available where the evidence suggested the plaintiff believed in good faith that he could not pursue further administrative remedies after his appeal had been screened out, but such belief was not reasonable. Sapp, 623 F.3d at 827. Similarly, in the instant case, the Court has found plaintiff's belief, even if held in good faith, was not reasonable. As discussed above, plaintiff could not have had a reasonable belief that he could not pursue further administrative remedies after the Director's level screening decision, as plaintiff's appeal was screened out only once by the IAB, the screening decision expressly informed plaintiff as to what he needed to do to remedy the situation, and there is no evidence plaintiff attempted either to comply with or to contest the decision.

Based on the above, plaintiff's failure to exhaust is not excused on equitable grounds.

### 6. Conclusion

For the foregoing reasons, the Court finds defendants, by showing plaintiff's appeal was properly screened out at the Director's level of review, have met their burden of raising and proving the absence of exhaustion. Plaintiff, in response, has not produced evidence to the contrary, nor has he shown (1) that he could have had a reasonable good faith belief that further administrative remedies were effectively unavailable to him, (2) that the CDCR's procedural requirements rendered administrative remedies effectively unavailable, or (3) that his failure to exhaust should be excused on equitable grounds. Accordingly, the Court finds plaintiff has not properly exhausted his administrative remedies, and defendants' motion to

11

1 dismiss the claims against them as unexhausted will be granted.[3]

C. <u>Motion to Compel Discovery</u>

By order filed September 2, 2010, the Court granted defendants' request to stay discovery pending resolution of the instant motion to dismiss. That same date, plaintiff filed a motion to compel production of documents.

The Court has reviewed plaintiff's discovery requests, and has determined such requests are unrelated to the question of whether plaintiff properly exhausted his administrative remedies prior to filing suit. Rather, the requests pertain to the factual bases of plaintiff's underlying Eighth Amendment and ADA claims. (<u>See</u> Pl.'s Mot. to Compel, Ex. A.) Because the requested discovery is not relevant to the instant motion and plaintiff's claims will not proceed to a decision on the merits, plaintiff's motion to compel will be denied.

D. <u>Motion for Preliminary Injunction</u>

Together with his opposition to defendants' motion to dismiss, plaintiff has filed a motion for a preliminary injunction directing prison officials to move him to a single cell pending resolution of the instant action and to abolish the prison's current single-cell policy. In light of the Court's ruling granting defendants' motion to dismiss, plaintiff's motion for injunctive relief will be denied.

//
//
//
//
//
//
//
//

---

[3] In light of such finding, the Court does not reach defendants' alternative argument that the complaint is subject to dismissal for failure to state a claim upon which relief may be granted.

12

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. Defendant's motion to dismiss the complaint is hereby GRANTED, and the above-titled action is hereby DISMISSED without prejudice to plaintiff's refiling his claims after all available administrative remedies have been exhausted.

2. Plaintiff's motion to compel discovery is hereby DENIED.

3. Plaintiff's motion for a preliminary injunction is hereby DENIED.

This order terminates Docket Nos. 42, 43, 49 and 60.

IT IS SO ORDERED.

DATED: January 4, 2011

MAXINE M. CHESNEY
United States District Judge